26-cv-6436-JRC

Cho, MJ

FILED
OCT 2 2026
PRO SE OFFICE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

**HYUNSEOUNG CHOI**

*Plaintiff,*

-v-

**VOICE SEARCH LOCAL LLC**, and
**INTERNET LISTING SOLUTIONS LLC**

*Defendants.*

Case # ______________________

**COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff HYUNSEOUNG CHOI ("Plaintiff") respectfully brings this complaint against Defendants VOICE SEARCH LOCAL LLC and INTERNET LISTING SOLUTIONS LLC ("Defendants") regarding Defendants' violations of the Telephone Consumer Protection Act ("TCPA") by placing unsolicited calls to Plaintiff's residential phone number using artificial or prerecorded voices without Plaintiff's prior express consent.

**PARTIES**

1. Plaintiff Hyunseoung Choi is a resident of Queens County, New York.

2. Defendant Voice Search Local LLC ("Voice Search Local" or "VSL") is a limited liability company registered in Florida and headquartered in Port Saint Lucie, Florida. Voice Search Local conducts business throughout the United States, including in the State of New York and this District.

3. Defendant Internet Listing Solutions LLC ("Internet Listing Solutions" or "ILS") is a limited liability company registered in Florida and headquartered in Port Saint Lucie, Florida. Internet Listing Solutions conducts business throughout the United States, including in the State of New York and this District.



REC'D IN PRO SE OFFICE
OCT 22 '26 AM 11:18

## JURISDICTION AND VENUE

4. As to those parts of the action which arise under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), this Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction over the New York statutory claims and common-law claims under 28 U.S.C. § 1367, as those state law claims arise out of a common nucleus of operative facts as the claims arising under the federal TCPA.

6. This Court has specific personal jurisdiction over the Defendants under NY C.P.L.R. § 302(a)(1) because Defendants continued their sales presentation after Plaintiff expressly informed Defendants of his location in New York, and obtained Plaintiff's purchase through that presentation.

7. In the alternative, this Court has personal jurisdiction pursuant to NY C.P.L.R. § 302(a)(3)(ii), as Defendants' actions caused injury to a person within New York, and Defendants should reasonably expect their acts to have consequences in New York and derive substantial revenue from interstate commerce. Upon information and belief, Defendants have conducted their telemarketing campaigns across the country, including in New York.

8. Venue is proper under 28 U.S.C. § 1391(b)(2) because Plaintiff received the challenged calls at his residence in Queens County, New York, which lies within this District, and a substantial part of the events giving rise to this action occurred in this District.

## DEFENDANTS' RELATIONSHIP

9. According to their website, Voice Search Local is a digital marketing agency that provides search engine optimization ("SEO") services to businesses.[1]

---

[1] https://vsslocal.com/

10. VSL claims to work with businesses to increase their online visibility through voice search, an online search conducted by a consumer who uses their voice to perform a search for a product, service, or relevant item online.

11. ILS is also a digital marketing agency that provides SEO services.

12. ILS is an authorized member of Voice Search Local, according to the Florida corporate registry for Voice Search Local:[2]

**Authorized Person(s) Detail**

**Name & Address**

Title Authorized Member

INTERNET LISTING SOLUTIONS LLC
1701 SE TIFFANY AVE
SUITE 105
PORT SAINT LUCIE, FL 34952

13. The addresses for VSL and ILS listed on the Florida corporate registry are identical, even sharing the same suite number.

14. VSL's listing on the Better Business Bureau also lists the same address:

**Overview**

Voice Search Local, LLC
1701 SE Tiffany Ave STE 105
Port Saint Lucie, FL 34952-7576

See Hours

[2] https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=VOICESEARCHLOCAL%20L200000546360&aggregateId=flal-l20000054636-94b7cb2a-e44f-4749-a5d5-1fbf7f546737

15. Both companies' 2026 LLC Annual Report filed with the Florida Secretary of State also show identical principal places of business and mailing addresses:[3] [4]

**2026 FLORIDA LIMITED LIABILITY COMPANY ANNUAL REPORT**
DOCUMENT# L20000054636
**Entity Name:** VOICE SEARCH LOCAL LLC
**Current Principal Place of Business:**

1701 SE TIFFANY AVE
SUITE 105
PORT SAINT LUCIE, FL 34952

**Current Mailing Address:**
1701 SE TIFFANY AVE
SUITE 105
PORT SAINT LUCIE, FL 34952 US

**FILED**
**Apr 24, 2026**
**Secretary of State**

**4202304143CC**

**2026 FLORIDA LIMITED LIABILITY COMPANY ANNUAL REPORT**
DOCUMENT# L18000120952
**Entity Name:** INTERNET LISTING SOLUTIONS LLC
**Current Principal Place of Business:**

1701 SE TIFFANY AVE
105
PORT SAINT LUCIE, FL 34952

**Current Mailing Address:**
1701 SE TIFFANY AVE
105
PORT SAINT LUCIE, FL 34952 US

**FILED**
**Apr 24, 2026**
**Secretary of State**

**5135429033CC**

16. VSL and ILS use their names interchangeably, among others:[5]

**Initial Complaint**
**Date:** 12/17/2025
**Type:** Service or
**Status:** Unansw

Recently I answered a call and it was Voice Search local LLC that said they could help get my business to come up on [illegible] voice command and other voice command platforms. I paid them $125 for them to get my business to come up with a voice command. They try to pressure us to pay $199. We have waited five days and nothing has changed when we search for our business name. We looked up the company and found out that the business under Voice Search local LLC is a scam. By reading other comments we discover that they also work under the company name Internet Listing Solutions LLC . This company is a scam and needs to be shut down they have work under many other business names.

---

[3] https://search.sunbiz.org/Inquiry/CorporationSearch/GetDocument?aggregateId=flal-l18000120952-dd258301-99a1-4ade-829b-8a0c51879b00&transactionId=l18000120952-36e78091-f520-48bd-be1d-50b0b985541e&formatType=PDF
[4] https://search.sunbiz.org/Inquiry/CorporationSearch/GetDocument?aggregateId=flal-l20000054636-94b7cb2a-e44f-4749-a5d5-1fbf7f546737&transactionId=l20000054636-138fe5c8-26a7-4952-800b-05022b90931e&formatType=PDF
[5] https://www.bbb.org/us/fl/port-saint-lucie/profile/seo-services/voice-search-local-llc-0633-90587272/complaints?page=5

17. Upon information and belief, VSL and ILS generate business by placing pre-recorded calls *en masse* using artificial or prerecorded voices to phone numbers across the country.

18. According to YouMail, a voicemail and robocall blocking service, similar calls have been placed "tens of millions of calls per month, calling from thousands of different numbers," leaving the same callback phone number (877) 556-9255 that Defendants left in their calls to Plaintiff, which raises a strong inference that Defendants are responsible for those calls.[6]

> The other campaign of interest appears to be calling numerous small businesses and threatening that they will lose their search presence in Google. There are multiple variants of this campaign, but a typical one is in calls from **this number**:
>
> > Hello. Please do not hang up the phone. This is an important message regarding your Google business account. Searches for your business on Google and Google Voice are currently having trouble finding you. Press one to speak with an agent immediately and verify your Google listing. Again, your business is not showing correctly on Google and Google Voice. Press one to speak to an agent, or press two or dial 877-556-9255 to opt out.
>
> The overall volume for this Google call is also in the tens of millions of calls per month, calling from thousands of different numbers. They appear to be calling people who claim they never consented to these calls, and they leave a misimpression that Google is calling. These calls prey on small businesses' dependency on traffic from Google.

19. In 2023, ILS posted a job listing for a Sales Representative on Career.com, stating they are a "Search Engine Optimization agenc[y]" and will be running "one of the most popular telemarketing campaigns on the market."[7]

> **Sales Representative** AI Assistant
>
> Internet Listing Solutions LLC | Job Openings at Internet Listing Solutions LLC → | Similar Jobs →
>
> Port Saint Lucie, FL | Full Time
>
> POSTED ON 10/16/2023 CLOSED ON 12/28/2023
>
> What are the responsibilities and job description for the **Sales Representative** position at **Internet Listing Solutions LLC**?
>
> We are looking for motivated sales reps to add to our already growing team. We are one of the fastest growing Search Engine Optimization agencies located on the Treasure Coast. Our entry level sales position includes paid training for the first week of employment we will teach you and develop your skillset to help you be successful in one of the most popular telemarketing campaigns on the market. We also provide a positive, fun and successful work environment and promote from within. Experience is a plus but not a necessity for the position. We look forward to hearing from potential candidates ASAP and are looking to fill positions immediately.
>
> Job Type: Full-time
>
> Pay: $500.00 - $2,000.00 per week

---

[6] https://www.prnewswire.com/news-releases/us-consumers-received-just-under-4-billion-robocalls-in-february-according-to-youmail-robocall-index-302082355.html

[7] https://www.career.com/job/internet-listing-solutions-llc/sales-representative/j202305101737320197543 (Last accessed October 9, 2026)

20. In September or October 2026, ILS posted a job listing on Trabajo.org entitled "HIGH-PERFORMANCE SALES CLOSERS WANTED," stating they are a "fast-growing digital marketing company that helps small business owners dominate their online presence."[8]

> **PAID TRAINING | UNCAPPED COMMISSIONS | TOP REPS EARN $3,000+ WEEKLY** Are you a competitive, hungry, and results-driven sales professional who thrives in a high-energy environment? Do you have the confidence and skills to close deals and stack commissions? If so, we want YOU on our elite sales team **Who We Are:** We are a **fast-growing digital marketing company** that helps small business owners dominate their online presence. Our team connects with business owners daily, showing them how to improve their visibility, attract more customers, and grow their brand online. This is a **consultative sales role** where you'll educate, build relationships, and close deals

21. Florida's corporate registry lists ILS as an "Authorized Member" of VSL. Upon information and belief, VSL has no managing member or manager other than ILS.

22. The above job postings raise a strong inference that ILS designs, funds, and directs the prerecorded calling campaign described in this Complaint, including the scripts, call lists, spoofed caller IDs, and live sales staff. It does so for VSL, to sell VSL's services. Every sale the campaign generates is enrolled in VSL's name, processed through VSL's merchant account, and serviced through VSL's website and email.

23. ILS is therefore directly liable for the calls, because it personally participated in, directed, and authorized them. VSL is liable for the same calls, because ILS made or directed them as VSL's agent, with VSL's authorization and for VSL's benefit, and VSL knowingly accepted the proceeds.

24. Upon information and belief, Voice Search Local LLC is merely an alter ego or mere instrumentality of Internet Listing Solutions LLC, created for the improper purpose of making millions of illegal fraudulent telemarketing calls to Americans across the country.

---

[8] https://us.trabajo.org/job-5003-83cbae2e00e78fa32616e03b0726aba2 (Last accessed October 9, 2026)

25. ILS used VSL as the front for a calling operation that violated federal and state telemarketing law, and that misuse of the corporate form caused Plaintiff's injuries. ILS is liable for VSL's conduct on that basis as well.

## PLAINTIFF'S ALLEGATIONS

26. Plaintiff is the sole owner and user of his residential phone number (401) 484-8243 ("the 8243 Number").

27. Plaintiff primarily uses the 8243 Number for residential and personal purposes. For example, Plaintiff uses the 8243 Number to contact family members, call doctor's offices to arrange medical appointments, and contact airlines to make and change reservations for personal travel, among other personal uses.

28. Plaintiff registered his 8243 Number on the Federal Trade Commission's ("FTC") National Do Not Call Registry ("DNC Registry") on April 25, 2026.

29. Plaintiff received at least 147 unsolicited calls from Defendants to his 8243 Number advertising voice search SEO services from August 2025 to September 2026.

30. Plaintiff has never had a preexisting business relationship or any contact with any Defendant prior to these calls, and Plaintiff never gave any Defendant prior express consent (verbal or written) to contact him.

31. Whether a call was answered or went to voicemail, one of several pre-recorded messages were played, stating in whole or in part the following message:

> "Hello, please do not hang up the phone. This is an important message regarding your Google business account. Our system shows numerous searches for your business via Google and Google Voice. Clients are currently having trouble finding you. Press '1' to speak with an agent immediately and verify your Google listing. Again, your business is not showing correctly on Google and Google Voice search. Press '1' to speak to an agent. Press '2' or dial (877) 556-9255 to opt out."[9]

[9] Voicemail left by (401) 937-9074 on September 22, 2026. (Call #143 in Appendix A)

32. Another voicemail stated:

> "Customers cannot find your business. Press '0' to verify your business. Press '9' if you wish to have your business not display on Google Voice searches, or call (877) 556-9255 to opt out."[10]

33. Appendix A to this Complaint lists all unsolicited pre-recorded calls placed by Defendants to Plaintiff's 8243 Number. Appendix A is hereby wholly incorporated into this Complaint as if fully set forth herein.

34. Across these 147 phone calls, 117 unique caller IDs were shown, all of which used Plaintiff's area code (401).

35. When Plaintiff called several of these numbers back, the calls could not be completed and were instantly disconnected. This is a sign that these calls utilized "Caller ID Spoofing," a technique where "a caller deliberately falsifies the information transmitted to your caller ID display to disguise their identity." [11]

36. The Federal Communications Commission ("FCC") states "Scammers often use neighbor spoofing so it appears that an incoming call is coming from a local number."[12]

37. Plaintiff could tell that the calls and voicemails were prerecorded, and all made by the same entity, because the voice sounded robotic and the advertised service was identical between calls. Also, a live agent would not prompt the user to enter a number to be redirected.

38. All prerecorded messages contained the callback number (877) 556-9255.

39. Calling this number only resulted in another automated voice, advertising a seemingly unrelated "retail rebate of $100," without any information about the caller's identity.

---

[10] Voicemail left by (401) 204-0584 on October 13, 2025. (Call #36 in Appendix A)

[11] https://www.fcc.gov/consumers/guides/spoofing

[12] *Id.*

40. On September 23, 2026, Plaintiff again received several phone calls from Defendants from various phone numbers with the same area code as Plaintiff's phone number.

41. Plaintiff answered Call #145 from (401) 522-8174, and heard the same pre-recorded message described above, and pressed '1' to speak to a live agent.

42. A live agent came on the line and said his name was "Joshua" calling from "Visibility Services."

43. When inquiring further, "Joshua" stated the name of the business was "VEO Business Solutions."

44. Plaintiff said that he did not want any further calls and was not interested in the services offered, and hung up.

45. Even so, less than 30 minutes later, Plaintiff received Call #146 from (401) 407-8353 with the exact same pre-recorded message.

46. Plaintiff answered the call and pressed '1' to speak to a live agent, at which point a live agent identifying as "Rob" from "Visibility Search" offered the same SEO services to Plaintiff.

47. When Plaintiff asked the live agent for a company website that Plaintiff could look at, the live agent immediately disconnected the call.

48. Less than 30 minutes after that call, Plaintiff received Call #147 from (401) 680-9658 with the exact same pre-recorded message.

49. Plaintiff answered the call and pressed '1' to speak to a live agent. A live agent identifying himself as "Matt" from "Visibility Services" offered the same SEO services to Plaintiff.

50. Matt further identified the name of the business as "VEO Business Solutions" and claimed it was an "enrollment agency" for the aforementioned companies such as Apple, Google,

etc. and "registers" small businesses on the voice search platforms Amazon Alexa, Apple Siri, Google Voice, Microsoft Cortana, and Samsung Bixby.

51. Matt asked for Plaintiff's basic information, such as name, address, and phone number, then said the call would be transferred to a "keyword specialist."

52. When Plaintiff asked for a callback number or a website for "VEO Business Solutions," Matt informed Plaintiff they do not have a callback number or a website.

53. When Plaintiff asked how much the services would cost, Matt informed Plaintiff he did not have that information, and that the "keyword specialist" would provide that information.

54. Plaintiff was then transferred to the "keyword specialist," who identified herself as "Maryann" and took over the call.

55. Maryann claimed they enroll "thousands and thousands of tax preparers" from all over the country, and asked for further information regarding Plaintiff.

56. Plaintiff does not know how Defendants came about this information, but Plaintiff assumes Maryann was referring to the fact that Plaintiff is an Enrolled Agent licensed by the IRS to represent taxpayers.

57. Plaintiff identified his location as New York with a ZIP code of 11101.

58. Maryann claimed that the search term "tax preparer" was searched 602 times over the past 30 days within 25 miles of New York ZIP code 11101.

59. Maryann listed the names of various tax preparation businesses located in New York City as Plaintiff's "competition" in SEO.

60. Maryann claimed to submit the search keywords "tax preparation," "tax preparation near me," "notary," "bilingual tax services," and "online tax services" to the five voice search platforms for approval, such that Plaintiff would appear on voice search results.

61. Maryann then informed Plaintiff that all five voice search directories "approved" the search keywords above.

62. At this point, Plaintiff again asked for clarification on whether the caller was affiliated with the five voice search platforms. Maryann stated that they are "contracted out by the five directories, Google, Amazon, Microsoft, etc." to enroll customers onto those platforms.

63. Plaintiff made a payment to enroll in Defendant's offered services.

64. After making the payment, Maryann identified her full name as "Maryann Burke" and, contradicting Matt from earlier, provided the business's phone number as (772) 807-1045.

65. Plaintiff immediately received an email from customersupport@vsslocal.com.

66. Plaintiff's credit card website immediately showed a charge from "VSSLOCAL.COM PORT SAINT LU FL."

67. The website vsslocal.com states the phone number (772) 807-1045 and the email customersupport@vsslocal.com as contact information for the website's owners.

68. The Better Business Bureau identifies (772) 807-1045 as the phone number for Voice Search Local, LLC.

69. While Plaintiff was unaware of this at the time of the call, upon information and belief, none of the five companies (Amazon, Apple, Google, Microsoft, and Samsung) "contract out" the offering of SEO services to third-party companies.

70. Notably, Microsoft's website states that they have fully retired Cortana as a product as of June 2024, more than two years prior.[13]

---

[13] https://support.microsoft.com/en-us/cortana/end-of-support-for-cortana

71. Google specifically states that it "doesn't evaluate third-party services" and that any third-party SEO service that "claims or impl[ies] that what they do is somehow 'acceptable' or 'approved' by Google Search" is false.[14]

72. Google further states that third-party services "don't have access to [Google's] internal ranking data" and "can't guarantee performance."[15]

73. Therefore, Defendants knowingly made the false representations that they were "contracted out" by companies such as Google and Microsoft and that the search keywords were "submitted" to those companies and "approved" by them.

74. The unauthorized solicitation calls that Plaintiff received from the Defendants have further harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, occupied his phone line, and disturbed the use and enjoyment of his phone number.

75. Plaintiff felt harassed by the constant barrage of calls received from Defendants.

76. The various phone agents gave inconsistent and false business names, made the false statement that the business had no website or callback number, and moved Plaintiff without interruption, within the same call, to an agent who only provided the true name of the business after completing the sale.

77. These tactics designed to evade detection of their true identity demonstrate that Defendants were aware their behavior was illegal, and knowingly and willfully conducted the telemarketing campaigns anyway.

78. Upon information and belief, every call in Appendix A was made by or on behalf of Defendants. Several facts tie them to the same campaign:

---

[14] https://developers.google.com/search/docs/fundamentals/third-party-seo
[15] *Id.*

a. Every voicemail gave the same opt-out number, (877) 556-9255, which did not actually allow callers to opt-out of calls;

b. Many calls used the same recorded voice, the same script structure, and the same false claim of connection to Google;

c. Upon information and belief, every call came from a spoofed (401) number, a pattern consistent with a single dialing platform;

d. On September 23, 2026, on a call made with the exact same prerecorded or artificial voice as previously left on a voicemail, a live agent closed a sale for services on behalf of VSL, gave VSL's phone number, (772) 807-1045, and charged Plaintiff's card through the merchant "VSSLOCAL.COM PORT SAINT LU FL." Plaintiff then received an email from customersupport@vsslocal.com;

e. VSSLOCAL.COM is the website for Defendant VSL.

**<u>FIRST CLAIM FOR RELIEF</u>**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227(b))**
**(Prerecorded Voice to Residential Phone Without Consent)**

79. Plaintiff incorporates all previous paragraphs as if fully set forth herein.

80. Defendants' actions constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b), by making telemarketing calls, except for emergency purposes, to Plaintiff's residential telephone number delivering artificial or prerecorded messages.

81. The spoofed phone numbers, fake company names, and an "opt-out" return number that identified nobody indicate these were willful or knowing violations worthy of treble damages.

82. Plaintiff is entitled to an award of $500 for each violation pursuant to § 227(b)(3)(B), and up to $1,500 per violation for knowing or willful violations.

83. Plaintiff is also entitled to and does seek injunctive relief pursuant to 47 U.S.C. § 227(b)(3)(A) prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating the TCPA by making calls, except for emergency purposes, to any residential telephone number using an artificial or prerecorded voice in the future.

## SECOND CLAIM FOR RELIEF
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227(c))**
**(Solicitation Call to Residential Telephone Number on Do-Not-Call Registry and Failure to Leave Identifying Information)**

84. Plaintiff incorporates all previous paragraphs as if fully set forth herein.

85. Defendants' actions constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(c), by placing "more than one telephone call within any 12-month period by or on behalf of the same entity" to Plaintiff's residential telephone number in violation of the regulations promulgated by the FCC under 47 C.F.R. § 64.1200.

86. All calls were "telephone solicitations." 47 C.F.R. § 64.1200(f)(15).

87. All prerecorded messages failed to include the "name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted" as required by 47 C.F.R. § 64.1200(d)(4).

88. As for Calls #144-147 which Plaintiff picked up, the live agents on those calls were actively evasive of questions regarding their identity and contact information, which are flagrantly willful violations of 47 C.F.R. § 64.1200(d)(4).

89. As for Calls #103-147 which were placed after the 8243 Number was listed on the national Do-Not-Call Registry, Defendants have violated 47 C.F.R. § 64.1200(c)(2).

90. Plaintiff is therefore entitled to an award of $500 for each violation pursuant to § 227(c)(5)(B), and up to $1,500 per violation for knowing or willful violations.

91. Plaintiff is also entitled to and does seek injunctive relief pursuant to § 227(c)(5)(A) prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating the TCPA by making telemarketing calls in violation of the regulations promulgated by the FCC.

**THIRD CLAIM FOR RELIEF**
**New York General Business Law § 399-P**
**(Violation of New York Telemarketing Law)**

92. Plaintiff incorporates all previous paragraphs as if fully set forth herein.

93. Defendants' voicemails demonstrate the illegal use of an "automatic dialing-announcing device," which in New York, must "state at the beginning of the call the nature of the call and the name of the person or on whose behalf the message is being transmitted and at the end of such message the address, and telephone number of the person on whose behalf the message is transmitted." NY G.B.L. § 399-P(3). Defendants' message failed to announce such information.

94. Pursuant to NY G.B.L. § 399-P(9), Plaintiff brings this action to enjoin such unlawful act or practice and to "recover his actual damages or fifty dollars, whichever is greater," per call, subject to trebling if Defendants "willfully or knowingly" made those violations.

**FOURTH CLAIM FOR RELIEF**
**New York General Business Law § 349(h)**
**(Engaging in Deceptive Trade Practices)**

95. Plaintiff incorporates all previous paragraphs as if fully set forth herein.

96. Defendants' representation that they were "contracted out" by Amazon Alexa, Apple Siri, Google Voice, Microsoft Cortana, and Samsung Bixby to provide SEO services was materially misleading, as those companies do not contract out such services to third parties.

97. Defendants' representation that the keywords submitted were "approved" by those companies were materially misleading, as those companies do not "approve" keywords for its organic search results.

98. Several of Defendants' phone representatives repeated similar claims about Defendants' relationship with those companies, which is generalized consumer-oriented conduct.

99. Plaintiff nonetheless relied on these statements, and by making the purchase of services, Plaintiff suffered injuries.

100. Furthermore, nearly all of Defendants' voicemails included a false representation which implied Defendants were affiliated with Google and held some position of authority over whether or not a listing was shown to search users.

101. Plaintiff is entitled to an award under NY G.B.L. § 349(h) of his "actual damages or fifty dollars, whichever is greater" and seeks a trebling of this award upon showing Defendants "willfully or knowingly violated this section."

102. Plaintiff further seeks injunctive relief pursuant to NY G.B.L. § 349(h) enjoining Defendants' deceptive acts and practices.

## FIFTH CLAIM FOR RELIEF
## New York Common Law Fraud

103. Plaintiff incorporates all previous paragraphs as if fully set forth herein.

104. Defendants' representation that they were "contracted out" by Amazon Alexa, Apple Siri, Google Voice, Microsoft Cortana, and Samsung Bixby to provide SEO services was materially misleading, as those companies do not contract out such services to third parties.

105. On September 23, 2026, during Call #147, and to induce Plaintiff's payment, Defendants' agents "Matt" and "Maryann Burke" falsely represented that: (a) Defendants are "contracted out" by Google, Amazon, Apple, Microsoft and Samsung to enroll businesses on their

voice-search platforms; and (b) all five platforms, including Microsoft Cortana, had "approved" the keywords Maryann submitted during the call. The call's prerecorded message also falsely implied an affiliation with Google.

106. Defendants knew these statements were false. Upon information and belief, none of these companies contracts with Defendants, and none has a process for approving third-party organic keyword submissions. Microsoft Cortana had been retired for more than two years.

107. Upon information and belief, Defendants have made the same misrepresentations to other businesses, as reflected in more than 180 Better Business Bureau complaints in three years.

108. Plaintiff actually and reasonably relied on these representations, which concerned Defendants' relationships with authoritative third parties. These are matters within Defendants' knowledge that Plaintiff, who has no expertise in how large search engine companies operate, could not verify during the call. In reliance on them, Plaintiff paid Defendants for their services.

109. Defendants' fraud was willful, directed at Plaintiff, and part of a scheme aimed at the public at large. Plaintiff seeks compensatory damages, punitive damages, and interest.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for the following relief:

A. Enter judgment in Plaintiff's favor and against Defendants;

B. Award Plaintiff $500 for each violation of 47 U.S.C. § 227(b), increased up to $1,500 per violation for knowing or willful violations, pursuant to 47 U.S.C. § 227(b)(3);

C. Award Plaintiff $500 for each violation of 47 U.S.C. § 227(c), increased up to $1,500 per violation for knowing or willful violations, pursuant to 47 U.S.C. § 227(c)(5);

D. Award Plaintiff money damages pursuant to NY G.B.L. § 399-P(9);

E. Award Plaintiff money damages pursuant to NY G.B.L. § 349(h);

F. Award Plaintiff money damages on the New York Common Law Fraud claim, including punitive damages exceeding $75,000;

G. Enter appropriate injunctive relief prohibiting Defendants from making further calls to Plaintiff's telephone number in violation of the law;

H. Award Plaintiff costs and pre-judgment interest to the extent permitted by law; and

I. Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial.

DATED: October 22nd, 2026


**By: HYUNSEOUNG CHOI**
**Plaintiff, *pro se***
43-10 Crescent St. Apt. 2705
Long Island City, NY 11101
hschoi9898@gmail.com
(401) 484-8243

**Appendix A – List of Defendants' Voicemail Calls to Plaintiff's 8243 Number**

| # | Date/Time of Call | Called from |
|---|---|---|
| 1 | 2025-08-20 09:31:36 EDT | (401) 536-9395 |
| 2 | 2025-08-20 10:41:47 EDT | (401) 243-8235 |
| 3 | 2025-08-20 11:11:54 EDT | (401) 603-0972 |
| 4 | 2025-08-20 12:45:29 EDT | (401) 484-9247 |
| 5 | 2025-08-20 15:22:01 EDT | (401) 428-1173 |
| 6 | 2025-08-20 16:19:41 EDT | (401) 313-1154 |
| 7 | 2025-08-29 10:26:43 EDT | (401) 539-0121 |
| 8 | 2025-08-29 11:10:26 EDT | (401) 252-2209 |
| 9 | 2025-08-29 12:04:02 EDT | (401) 771-1123 |
| 10 | 2025-08-29 14:09:41 EDT | (401) 488-9888 |
| 11 | 2025-08-29 15:00:29 EDT | (401) 357-8110 |
| 12 | 2025-08-29 16:20:47 EDT | (401) 924-7352 |
| 13 | 2025-10-10 09:46:16 EDT | (401) 206-4362 |
| 14 | 2025-10-10 10:38:01 EDT | (401) 204-0058 |
| 15 | 2025-10-10 10:58:05 EDT | (401) 203-4440 |
| 16 | 2025-10-10 11:18:19 EDT | (401) 214-9347 |
| 17 | 2025-10-10 11:44:03 EDT | (401) 208-0475 |
| 18 | 2025-10-10 12:13:26 EDT | (401) 214-9347 |
| 19 | 2025-10-10 12:54:03 EDT | (401) 204-0593 |
| 20 | 2025-10-10 14:21:32 EDT | (401) 215-2499 |
| 21 | 2025-10-10 15:12:40 EDT | (401) 204-0886 |
| 22 | 2025-10-10 15:25:20 EDT | (401) 214-2588 |
| 23 | 2025-10-10 15:56:10 EDT | (401) 208-0393 |
| 24 | 2025-10-13 09:31:45 EDT | (401) 204-0134 |
| 25 | 2025-10-13 10:16:46 EDT | (401) 200-6233 |
| 26 | 2025-10-13 10:40:26 EDT | (401) 200-9848 |
| 27 | 2025-10-13 11:11:55 EDT | (401) 203-3272 |
| 28 | 2025-10-13 11:40:14 EDT | (401) 209-2930 |
| 29 | 2025-10-13 12:25:53 EDT | (401) 208-0641 |
| 30 | 2025-10-13 12:44:59 EDT | (401) 209-2166 |
| 31 | 2025-10-13 14:12:10 EDT | (401) 209-2166 |
| 32 | 2025-10-13 14:49:06 EDT | (401) 204-0134 |
| 33 | 2025-10-13 15:16:07 EDT | (401) 200-9848 |
| 34 | 2025-10-13 16:10:08 EDT | (401) 204-0584 |
| 35 | 2025-10-13 16:19:36 EDT | (401) 208-0641 |
| 36 | 2025-10-13 16:55:46 EDT | (401) 204-0584 |

| | | |
|---|---|---|
| 37 | 2025-10-14 09:50:18 EDT | (401) 206-5536 |
| 38 | 2025-10-14 10:06:32 EDT | (401) 203-8930 |
| 39 | 2025-10-14 10:36:09 EDT | (401) 209-6173 |
| 40 | 2025-10-14 11:03:24 EDT | (401) 204-0198 |
| 41 | 2025-10-14 11:30:55 EDT | (401) 206-5662 |
| 42 | 2025-10-14 12:17:30 EDT | (401) 206-5662 |
| 43 | 2025-10-14 12:43:50 EDT | (401) 203-8930 |
| 44 | 2025-10-14 14:18:36 EDT | (401) 206-5533 |
| 45 | 2025-10-14 14:48:17 EDT | (401) 200-6866 |
| 46 | 2025-10-14 16:05:48 EDT | (401) 203-8930 |
| 47 | 2025-10-14 16:54:00 EDT | (401) 200-6027 |
| 48 | 2025-10-14 17:10:12 EDT | (401) 200-6027 |
| 49 | 2025-10-15 09:52:53 EDT | (401) 209-2803 |
| 50 | 2025-10-15 10:15:03 EDT | (401) 209-2803 |
| 51 | 2025-10-15 10:53:52 EDT | (401) 204-0378 |
| 52 | 2025-10-15 11:20:33 EDT | (401) 208-0801 |
| 53 | 2025-10-15 11:37:49 EDT | (401) 208-0801 |
| 54 | 2025-10-15 12:28:07 EDT | (401) 208-0801 |
| 55 | 2025-10-15 14:07:34 EDT | (401) 206-4554 |
| 56 | 2025-10-15 14:26:46 EDT | (401) 209-1701 |
| 57 | 2025-10-15 15:04:59 EDT | (401) 204-0609 |
| 58 | 2025-10-15 15:26:02 EDT | (401) 208-0263 |
| 59 | 2025-10-15 16:32:48 EDT | (401) 209-2803 |
| 60 | 2025-10-15 17:06:02 EDT | (401) 203-5860 |
| 61 | 2025-10-16 09:35:43 EDT | (401) 209-2803 |
| 62 | 2025-10-16 10:04:21 EDT | (401) 200-3892 |
| 63 | 2025-10-16 10:43:08 EDT | (401) 200-3892 |
| 64 | 2025-10-16 11:13:34 EDT | (401) 200-4926 |
| 65 | 2025-10-16 12:05:35 EDT | (401) 200-4028 |
| 66 | 2025-10-16 12:48:51 EDT | (401) 200-4926 |
| 67 | 2025-10-16 14:14:03 EDT | (401) 203-4053 |
| 68 | 2025-10-16 15:18:33 EDT | (401) 204-0598 |
| 69 | 2025-10-16 15:57:54 EDT | (401) 208-0739 |
| 70 | 2025-10-16 16:42:22 EDT | (401) 200-4926 |
| 71 | 2025-10-17 09:57:03 EDT | (401) 208-2111 |
| 72 | 2025-10-17 10:06:55 EDT | (401) 200-3892 |
| 73 | 2025-10-17 10:24:25 EDT | (401) 208-0739 |
| 74 | 2025-10-17 11:11:05 EDT | (401) 203-4053 |
| 75 | 2025-10-17 11:33:16 EDT | (401) 208-0739 |

| | | |
|---|---|---|
| 76 | 2025-10-17 12:28:04 EDT | (401) 203-2440 |
| 77 | 2025-10-17 12:51:42 EDT | (401) 203-4053 |
| 78 | 2025-10-17 14:12:06 EDT | (401) 206-0353 |
| 79 | 2025-10-17 15:09:09 EDT | (401) 200-4028 |
| 80 | 2025-10-17 15:50:48 EDT | (401) 208-2111 |
| 81 | 2025-10-17 16:08:21 EDT | (401) 204-0598 |
| 82 | 2025-10-17 16:44:26 EDT | (401) 203-4053 |
| 83 | 2025-10-20 09:40:48 EDT | (401) 206-5874 |
| 84 | 2025-10-20 10:00:25 EDT | (401) 209-2065 |
| 85 | 2025-10-20 10:36:09 EDT | (401) 208-0036 |
| 86 | 2025-10-20 11:07:14 EDT | (401) 208-2239 |
| 87 | 2025-10-20 11:30:49 EDT | (401) 206-5874 |
| 88 | 2025-10-20 12:03:34 EDT | (401) 209-1283 |
| 89 | 2025-10-20 12:27:34 EDT | (401) 209-2325 |
| 90 | 2025-10-20 14:26:20 EDT | (401) 208-0036 |
| 91 | 2025-10-20 15:15:11 EDT | (401) 203-3823 |
| 92 | 2025-10-20 15:54:34 EDT | (401) 206-0549 |
| 93 | 2025-10-20 16:40:34 EDT | (401) 206-5538 |
| 94 | 2025-10-21 09:33:37 EDT | (401) 204-0980 |
| 95 | 2025-10-21 09:51:15 EDT | (401) 208-2931 |
| 96 | 2026-04-23 15:51:54 EDT | (401) 214-8333 |
| 97 | 2026-04-23 16:39:33 EDT | (401) 216-6291 |
| 98 | 2026-04-24 09:33:39 EDT | (401) 204-0515 |
| 99 | 2026-04-24 10:24:42 EDT | (401) 206-0406 |
| 100 | 2026-04-24 11:07:40 EDT | (401) 204-0640 |
| 101 | 2026-04-24 11:24:17 EDT | (401) 206-4253 |
| 102 | 2026-04-24 12:01:32 EDT | (401) 200-8028 |
| 103 | 2026-05-18 14:59:02 EDT | (401) 203-7711 |
| 104 | 2026-05-18 15:41:06 EDT | (401) 203-7711 |
| 105 | 2026-05-18 16:10:05 EDT | (401) 203-4063 |
| 106 | 2026-05-18 17:01:07 EDT | (401) 204-0836 |
| 107 | 2026-09-01 09:38:19 EDT | (401) 321-7848 |
| 108 | 2026-09-01 10:45:24 EDT | (401) 863-7842 |
| 109 | 2026-09-01 11:14:25 EDT | (401) 262-8532 |
| 110 | 2026-09-01 11:59:27 EDT | (401) 375-9836 |
| 111 | 2026-09-01 12:46:34 EDT | (401) 679-9564 |
| 112 | 2026-09-01 14:30:22 EDT | (401) 361-2690 |
| 113 | 2026-09-01 15:20:59 EDT | (401) 581-8062 |
| 114 | 2026-09-01 16:02:12 EDT | (401) 466-9922 |

| | | |
|---|---|---|
| 115 | 2026-09-01 16:49:41 EDT | (401) 373-5405 |
| 116 | 2026-09-02 10:28:39 EDT | (401) 895-4019 |
| 117 | 2026-09-02 11:06:28 EDT | (401) 752-0235 |
| 118 | 2026-09-02 12:04:31 EDT | (401) 425-6036 |
| 119 | 2026-09-02 12:26:33 EDT | (401) 360-8149 |
| 120 | 2026-09-02 14:23:01 EDT | (401) 437-5815 |
| 121 | 2026-09-02 15:06:05 EDT | (401) 598-4231 |
| 122 | 2026-09-02 15:52:08 EDT | (401) 536-9326 |
| 123 | 2026-09-02 16:25:42 EDT | (401) 415-5593 |
| 124 | 2026-09-02 17:17:56 EDT | (401) 851-3753 |
| 125 | 2026-09-03 10:04:27 EDT | (401) 206-5061 |
| 126 | 2026-09-03 11:36:07 EDT | (401) 757-5676 |
| 127 | 2026-09-03 12:19:30 EDT | (401) 900-1914 |
| 128 | 2026-09-03 12:56:39 EDT | (401) 457-3572 |
| 129 | 2026-09-03 14:33:27 EDT | (401) 843-8808 |
| 130 | 2026-09-03 14:54:23 EDT | (401) 598-1470 |
| 131 | 2026-09-03 15:58:29 EDT | (401) 448-2477 |
| 132 | 2026-09-03 16:46:01 EDT | (401) 854-1702 |
| 133 | 2026-09-04 09:31:48 EDT | (401) 924-9920 |
| 134 | 2026-09-04 10:16:54 EDT | (401) 786-0642 |
| 135 | 2026-09-04 10:34:16 EDT | (401) 763-8518 |
| 136 | 2026-09-04 11:42:22 EDT | (401) 643-3849 |
| 137 | 2026-09-04 12:42:27 EDT | (401) 874-3863 |
| 138 | 2026-09-04 14:39:31 EDT | (401) 525-2923 |
| 139 | 2026-09-04 15:06:55 EDT | (401) 464-7461 |
| 140 | 2026-09-04 15:54:22 EDT | (401) 464-6354 |
| 141 | 2026-09-04 16:35:53 EDT | (401) 358-2323 |
| 142 | 2026-09-22 09:36:56 EDT | (401) 752-3857 |
| 143 | 2026-09-22 10:08:54 EDT | (401) 937-9074 |
| 144* | 2026-09-22 10:53:22 EDT | (401) 327-9777 |
| 145* | 2026-09-23 09:41:34 EDT | (401) 522-8174 |
| 146* | 2026-09-23 10:08:04 EDT | (401) 407-8353 |
| 147* | 2026-09-23 10:25:25 EDT | (401) 680-9658 |

*Starred calls indicate calls which did not leave a voicemail, but where Plaintiff picked up and heard the prerecorded or artificial voice message.

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | | |
|---|---|---|
| HYUNSEOUNG CHOI<br>*Plaintiff(s)*<br>v.<br>VOICE SEARCH LOCAL LLC and INTERNET LISTING SOLUTIONS LLC<br>*Defendant(s)* | ) | Civil Action No. |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* VOICE SEARCH LOCAL LLC

c/o Jose Esquivel
303 Asbury Way
Boynton Beach, FL 33426

INTERNET LISTING SOLUTIONS LLC

c/o Ryan Christopher Shoemaker
303 Asbury Way
Boynton Beach, FL 33426

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Pro se Plaintiff:

Hyunseoung Choi
43-10 Crescent St.
Apt. 2705
Long Island City, NY 11101

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

BRENNA B. MAHONEY
*CLERK OF COURT*

Date: ____________________

____________________
*Signature of Clerk or Deputy Clerk*